836 F.2d 546
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William JEFFERSON, Plaintiff-Appellant,
v.
Edward D. CAREY, Robert W. Fry, Edward W. Murray, William P.
Rogers, James E. Johnson, Defendants-Appellees.
 No. 87-6633.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 27, 1987.
Decided Dec. 17, 1987.
 
 William Jefferson, appellant pro se.
 Mary Moffett Hutcheson Priddy, McGuire, Woods, Battle & Boothe, William W. Muse, Assistant Attorney General, for appellees.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 William Jefferson appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 claim. The district court dismissed the action without prejudice due to Jefferson's failure to return a consent form necessary to allow withdrawal of funds from his inmate account to pay the requisite court cost.
 
 
 2
 On June 30, 1987, William Jefferson filed an application to file a civil rights complaint in forma pauperis. On July 31, 1987 the district court determined that Jefferson should pay a $20.00 partial filing fee. The court directed Jefferson to "execute the attached Inmate Consent" within 14 days of the date of the order so that the requisite amount could be withheld from his account. The court informed Jefferson that if special circumstances arose requiring different payment he should advise the court. Jefferson was also told that the failure to return the consent form within 14 days would result in dismissal of the case. On August 7, 1987, Jefferson filed an affidavit contending that he had no money to pay the filing fee and that he should not be required to pay any portion of the filing fee. On August 18, 1987, the district court determined that Jefferson had sufficient funds to pay the requisite fee and denied the motion. On September 14, 1987, after failing to receive the consent form the district court dismissed the action. Jefferson appealed.
 
 
 3
 The district court fully complied with the requirements of Evans v. Croom, 650 F.2d 521 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982), in determining the amount of the filing fee and affording Jefferson an opportunity to demonstrate special circumstances. Jefferson was notified that the failure to respond to the court's order would result in dismissal; nevertheless, he failed to forward the necessary consent form.
 
 
 4
 We find no error in the district court's action and therefore deny leave to proceed in forma pauperis and dismiss the appeal. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 DISMISSED.